IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL LEON STOVALL, #173720, | ) ) ) |
| Petitioner, | ) ) |
| v. | ) ) ) | Case No. 2:21-cv-297-MHT-CSC (WO) |
| BRADRICK FILES, *et al.,* | ) ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on Alabama inmate Michael Leon Stovall's petition for a writ of habeas corpus under 28 U.S.C. § 2254 by which Stovall challenges the revocation of his parole. Docs. 1 and 11.[1] For the reasons discussed below, the court recommends that Stovall's petition be denied and that this case be dismissed with prejudice.

## I. BACKGROUND

In August 1993, Stovall was convicted in the Circuit Court of Colbert County on two counts of first-degree robbery, for which he received consecutive sentences of life in prison. In October 2008, Stovall was granted parole, and in January 2009, he applied to have his parole supervision transferred to Tennessee. Docs. 14-1 and 14-2. In applying to have his parole supervision transferred, Stovall agreed to abide by various conditions of

---

[1] References to documents in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on copies submitted for filing.

parole, including a condition requiring him to report monthly to his supervising parole officer. Docs. 14-2 and 14-3. In May 2009 Stovall arrived in Tennessee, and his parole supervision began. Doc. 14-4.

In early June 2016, Stovall stopped reporting to his parole officer, and by the end of October 2016, his parole officer could not ascertain his whereabouts. Doc. 14-5 at 1. As a result, in December 2016, Stovall's parole officer issued a Report of Parole Violation alleging that Stovall had violated his parole by failing to report. Doc. 14-6. A parole violation warrant was issued for Stovall's arrest. Doc. 4 at 2.

Stovall remained at large until September 1, 2018, when he was recaptured following a traffic stop in Tennessee. Doc. 4 at 2; Doc. 14-7 at 3. On September 23, 2018, authorities returned Stovall to Alabama, where he was incarcerated at the Kilby Correctional Facility ("Kilby") in Montgomery. Doc. 1 at 7; Doc. 14-7 at 3. On October 23, 2018, Stovall was served with a Notice of Parole Court Hearing informing him of his alleged parole violation, i.e., failure to report, and the date on which his parole court hearing would be held. Doc. 14-7 at 1–3.

Stovall's parole court hearing was conducted at Kilby on October 30, 2018. Doc. 14-7 at 3–6. Stovall pled not guilty to violating his parole. *Id*. at 3. Disputing the contents of his parole violation report, Stovall claimed he could not remember when he last reported to his parole officer in Tennessee and maintained he also could not remember the circumstances of his recapture and return to Alabama. *Id*. Stovall also argued that he should be released back to parole because his parole court hearing was not held within the 20-day timeframe in Ala. Code § 15-22-32(a). *Id*. Based on documentary evidence from the

Tennessee parole office reflecting Stovall's extended failure to report to his parole officer and Stovall's admissions that he could not remember when he reported to his parole officer or the circumstances of his recapture "after 2 years of non-reporting to Tennessee parole authorities," the hearing officer found that Stovall had violated the conditions of his parole by failing to report to his parole officer.[2] *Id*. at 5.

On November 13, 2018, after reviewing the hearing officer's report and recommendation, the Alabama Board of Pardons and Paroles ("Board") ordered that Stovall's parole be revoked. Doc. 14-8.

On November 5, 2018, Stovall filed a petition for a common law writ of certiorari with the Circuit Court of Montgomery County challenging the Board's decision to revoke his parole.[3] Doc. 14-9 at 5. Stovall argued that his parole court hearing was conducted over 30 days after he was returned to custody in Alabama and, therefore, was not held within the 20-day timeframe in Ala. Code § 15-22-32(a). *Id*. On that basis, Stovall argued that the Board's revocation of his parole was invalid and that he should be returned to parole supervision. *Id*. at 5–6.

---

[2] The hearing officer recommended that Stovall be confined for a 45-day "dunk." Doc. 14-7 at 5.

[3] Stovall styled the petition as a "Petition for Declaratory Judgment Action." Doc. 14-9 at 5. The circuit court treated the petition as a petition for a common law writ of certiorari. *See, e.g., Ex parte Deramus*, 882 So. 2d 875 (Ala. 2002) (holding that courts must treat an inmate's petition according to its substance and not its style); *Ex parte Alabama Bd. of Pardons & Paroles*, 849 So. 2d 255, 257 (Ala. Crim. App. 2002) ("Review of proceedings from the Board [of Pardons and Paroles] is by a petition for a common-law writ of certiorari filed in the Circuit Court of Montgomery County."); *Sellers v. State*, 586 So. 2d 994, 995 (Ala. Crim. App. 1991) (a petition for a writ of certiorari is the proper avenue for challenging the Board's granting, denying, or revocation of parole).

3

The Board moved to dismiss Stovall's petition for common law writ of certiorari as meritless (Doc. 14-9 at 14), and on February 25, 2019, the circuit court granted the Board's motion to dismiss (*id.* at 21). Stovall filed a motion to alter, amend, or vacate the circuit court's judgment in which he argued, among other things, that the Board had violated his rights under the Equal Protection Clause. Doc. 14-9 at 27–30. Attached to this motion was Stovall's affidavit in which he attacked the veracity of evidence at the parole court hearing. *Id*. at 31–32. The circuit court denied the motion on March 12, 2019. *Id*. at 33.

Stovall appealed to the Alabama Court of Criminal Appeals, presenting claims that (1) the circuit court erred in dismissing his petition for common law writ of certiorari because he should have been released back to parole supervision when his parole court hearing was not held within the 20-day timeframe in Ala. Code § 15-22-32(a); (2) the Board's decision to revoke his parole was based on fraud committed at the parole court hearing; and (3) his rights under the Equal Protection Clause were violated when his parole court hearing was not held within 20 business days. Doc. 14-10.

On June 21, 2019, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the circuit court's dismissal of Stovall's petition for common law writ of certiorari. Doc. 14-12. Stovall filed an application for rehearing, which the Court of Criminal Appeals overruled on July 12, 2019. Docs. 14-13 and 14-14. Stovall then filed a petition for writ of certiorari with the Alabama Supreme Court. Doc. 14-15. The Alabama Supreme Court denied the petition for writ of certiorari on October 11, 2019, and a certificate of judgment was issued on that date. Doc. 14-16.

Stovall initiated this federal habeas action by a 28 U.S.C. § 2254 petition he filed *pro se* in the United States District Court for the Northern District of Alabama on October 29, 2020.[4] Doc. 1. That court transferred Stovall's petition to this court in April 2021. Docs. 5 and 6. In May 2021 Stovall filed an amendment to his petition. Doc. 11. In his § 2254 petition, as amended, Stovall asserts the following claims:

1. The Board's decision to revoke his parole was based on fraud committed at the parole court hearing.

2. His parole revocation was invalid because his parole court hearing was not held within the 20-day timeframe in Ala. Code § 15-22-32(a).

3. His rights under the Equal Protection Clause were violated when his parole court hearing was not held within 20 business days.

Doc. 1 at 5–8; Doc. 11 at 3–14.

In their answer, Respondents argue that Stovall filed his § 2254 petition after the one-year federal limitation period expired and that his petition is therefore untimely. Doc. 14 at 9–11. In addition, Respondents argue that the state courts properly adjudicated Stovall's claims on the merits and that Stovall's claim about the state courts' interpretation of Ala. Code § 15-22-32(a) presents a question of state law that is not cognizable for federal habeas relief. *Id.* at 11–23.

---

[4] Stovall's § 2254 petition was date-stamped as received by the Court Clerk on November 5, 2020. Doc. 1 at 1. However, under the prison mailbox rule, this court deems the petition to have been filed on October 29, 2020, the date Stovall represents that he signed it and presumptively delivered it to prison authorities for mailing. Doc. 1 at 9. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001); *Adams v. United States*, 173 F.3d 1339, 1340–41 (11th Cir. 1999).

## II.  DISCUSSION

A.  **Stovall's Petition Is Untimely under AEDPA's Statute of Limitations.**

Title 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides the statute of limitations for federal habeas petitions and states:

> (1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Stovall challenges the Board's decision of November 13, 2018 revoking his parole. Under Eleventh Circuit precedent, the one-year limitation period to challenge a parole board's decision revoking parole is controlled by subsection D of § 2244(d)(1). *Brown v.*

6

*Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). For Stovall, then, the one-year limitation period began to run the day of the Board's November 13, 2018 decision revoking his parole—which was "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D); *see Brown*, 512 F.3d at 1307 n.1 ("We join our sister circuits in deciding that subsection D, and not subsection A, applies in this circumstance."); *Hawes v. Howerton*, 335 F. App'x 882, 884 (11th Cir. 2009) (following *Brown*). Therefore, absent a statutory or equitable tolling event, Stovall had until November 13, 2019, to file a § 2254 petition challenging the Board's decision revoking his parole. As next discussed, tolling under 28 U.S.C. § 2244(d)(2) extended the limitation period.

In Alabama, there is no direct appeal procedure for appealing decisions of the parole board. *See Ray v. Mitchem*, 272 F. App'x 807, 809 (11th Cir. 2008). Instead, a petition for a common law writ of certiorari filed in the Circuit Court of Montgomery County is the proper method to challenge decisions by the Board. *Sellers v. State*, 586 So. 2d 994, 995 (Ala. Crim. App. 1991). Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or other collateral review is pending is not counted toward the one-year limitation period for filing a § 2254 petition. *See Hawes* 335 F. App'x at 884. Consequently, a properly filed petition for a common law writ of certiorari—i.e., "a properly filed application for state post-conviction or collateral review"—in the Circuit Court of Montgomery County activates statutory tolling under § 2244(d)(2).

7

In Stovall's case, the one-year limitation period under § 2244(d)(1)(D) *would have* begun to run on November 13, 2018, the date on which the Board revoked his parole. However, before that date, on November 5, 2018, Stovall filed his petition for common law writ of certiorari in the circuit court, effecting tolling under § 2244(d)(2). As such, AEDPA's statute of limitations did not begin to run until the conclusion of state court proceedings related to Stovall's petition for common law writ of certiorari. Those state court proceedings concluded on October 11, 2019, the date on which the Alabama Supreme Court denied certiorari review and issued a certificate of judgment in Stovall's case. Consequently, under § 2244(d)(1)(D), with tolling under § 2244(d)(2), Stovall had until October 11, 2020, to file his § 2254 petition.[5] Stovall did not file his petition until October 29, 2020—18 days after expiration of the statute of limitations.

The one-year limitation period can be tolled equitably when a petitioner demonstrates he submitted an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). "[E]quitable tolling is an extraordinary remedy, . . . limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). A petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v.*

---

[5] Stovall sets forth no facts or arguments to establish a tolling event under 28 U.S.C. § 2244(d)(1)(B) or (C); i.e., he has not shown that an unlawful state action impeded him from filing a timely § 2254 petition or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.

*Florida*, 560 U.S. 631, 649 (2010). "The petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308. Stovall, however, makes no argument, and brings forth no evidence, demonstrating that he is entitled to equitable tolling, and the court knows of no reason that would support tolling of the limitation period in his case.

The court notes that, in the certificate of service portion of his petition, Stovall claims he filed an original § 2254 petition with the Alabama Northern District Court on November 4, 2019, but that after he received a letter from that court's clerk on October 20, 2020, he "dropp[ed] another '2254' in the same court on October 29, 2020." Doc. 1 at 9. Stovall does not explain the contents of the clerk's letter, and he does not allege that he made any attempt to keep apprised of the petition he says he filed in November 2019. There is no record of the Alabama Northern District Court, or of this court, receiving a previous § 2254 petition from Stovall. Moreover, Stovall acknowledges that he did not file the instant § 2254 petition until October 29, 2020, by "dropping" it in the prison mailing system on that date. *Id*. Under the circumstances, the court finds no basis for equitably tolling AEDPA's statute of limitations or for finding that Stovall's § 2254 petition was filed on any date earlier than October 29, 2020. Stovall's petition is therefore time-barred under the statute of limitations, and his claims are not subject to habeas review.

**B.     On the Merits, Stovall's Claims Entitle Him to No Relief.**

Even if Stovall's § 2254 petition is not time-barred, his claims do not demonstrate a basis for habeas relief. The AEDPA imposes "a highly deferential standard for evaluating state-court rulings" and "demands that state-court decisions be given the benefit of the

9

doubt." *Felkner v. Jackson*, 562 U.S. 594, 598 (2011) (quotes and cite omitted). This court cannot disturb state court rulings on fully adjudicated constitutional issues unless they:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

This is a highly deferential, "difficult to meet" standard that petitioners must overcome. *Harrington v. Richter,* 562 U.S. 86, 102 (2011); *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011). A federal habeas court "may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Greene v. Upton*, 644 F.3d 1145, 1154 (11th Cir. 2011) (citation omitted). Rather, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington*, 562 U.S. at 103 (quoted in *Hill v. Humphrey*, 662 F.3d 1335, 1345 (11th Cir. 2011) (en banc)).

This court also must presume state court factual determinations to be correct; petitioners must rebut that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e). "'[A] state-court factual determination is not unreasonable merely because the

10

federal habeas court would have reached a different conclusion in the first instance.'" *Burt v. Titlow*, 571 U.S. 12, 15 (2013) (quoting *Wood v. Allen*, 558 U.S. 290, 301 (2010)).

### 1.     *Alleged "Fraud" at Parole Court Hearing*

In his § 2254 petition, as he did in state court, Stovall asserts that the Board's decision revoking his parole was based on "fraud" committed at his parole court hearing. Doc. 11 at 3–12. Stovall alludes to what he says was false testimony by various witnesses regarding his criminal history and the frequency with which he was required to report to his parole officer in Tennessee as a condition of parole.[6] *Id*. at 4.

In its memorandum opinion affirming the circuit court's dismissal of Stovall's petition for a common law writ of certiorari, the Alabama Court of Criminal Appeals addressed this claim as follows:

> As best we are able to determine, Stovall challenges the veracity of the evidence given at his parole-revocation hearing and the testimony relied on by hearing officer Acosta. Initially, we note that there is no indication that the evidence Stovall argues in his brief was presented to the hearing officer at the parole-revocation hearing. It is well settled that a reviewing court cannot consider matters not included in the record on appeal or predicate error on a silent record. *Rutledge v. State*, 745 So. 2d 912, 919 (Ala. Crim. App. 1999); *Wilson v. State*, 727 So. 2d 869, 869–70 (Ala. Crim. App. 1998); *Foster v. State*, 587 So. 2d 1106, 1007 (Ala. Crim. App. 1991). Moreover, the hearing officer is well within his or her discretion as the trier of the fact to believe all or part of a witness's testimony or to disregard all or part of a witness's testimony. *Rivers v. State*, 689 So. 2d 990, 992 (Ala. Crim. App. 1996) ("[T]his court has stated that the credibility of witnesses is to be determined by the trier of fact."). The credibility of witnesses affects the weight of the evidence, not its sufficiency, and is solely for the factfinder to determine. *See Buford v. State*, 891 So. 2d 423 (Ala. Crim. App. 2004). Given

---

[6] Stovall presents this claim in a vague and discursive fashion in his pleadings. He presented the claim with somewhat more clarity in the brief he filed on appeal from the circuit court's dismissal of his petition for a common law writ of certiorari. Doc. 14-10.

11

>the scant record before us and the disjointed argument made by Stovall on appeal, Stovall is not entitled to relief on this claim.

Doc. 14-12 at 5.

Stovall does not present clear and convincing evidence to rebut the state court's finding that he presented no evidence that the allegedly false testimony about which he complains[7] was introduced at his parole court hearing. *See* 28 U.S.C. § 2254(e). Moreover, Stovall fails to show that the allegedly false testimony was relied on by the hearing officer to find he violated the conditions of his parole by failing to report to his parole officer. The record reflects that, in his findings and statement of evidence relied on, the hearing officer made no reference to any of the testimony about which Stovall complains. Doc. 14-9 at 19. Instead, the hearing officer stated that his finding Stovall had violated his parole was based on documentary evidence from the Tennessee parole office reflecting Stovall's extended failure to report to his parole officer and Stovall's admissions that he could not remember when he reported to his parole officer or the circumstances of his recapture "after 2 years of non-reporting to Tennessee parole authorities." *Id*. Stovall has not shown that the Alabama Court of Criminal Appeals' decision rejecting his claim that the Board revoked his parole based on "fraud" committed at the parole court hearing was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . [was] based on an unreasonable determination of

---

[7] The allegedly false testimony Stovall alludes to in his pleadings comprises testimony by his parole officer that he was a sex offender; testimony that he was obligated to report to his parole officer monthly as a condition of parole; and testimony that he had a sister named Jessica. Doc. 11 at 4–5.

the facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d) (1), (2); *see Dunn v. Madison*, 583 U.S. 10, 12 (2017). Stovall demonstrates no entitlement to relief based on this claim.

### 2. *Violation of Ala. Code § 15-22-32(a)*

Stovall claims that his parole revocation was invalid because his parole court hearing was not held within the 20-day timeframe in Ala. Code § 15-22-32(a). Doc. 11 at 3, 5–7. He maintains that he should have been released back to parole supervision when his hearing was not conducted within the statute's 20-day limit.[8] *Id.*

Section § 15-22-32(a) states, in pertinent part:

> Whenever there is a reasonable cause to believe that a prisoner who has been paroled has violated his or her parole, the Board of Pardons and Paroles, at its next meeting, may declare the prisoner delinquent.... <u>The Department of Corrections, after receiving notice from the sheriff of the county jail where the state prisoner is being held, shall promptly notify the board of the return of a paroled prisoner charged with violation of his or her parole</u>. Thereupon, the board, a single member of the board, a parole revocation hearing officer, or a designated parole officer shall hold a parole court at the prison or at another place as it may determine <u>within 20 business days</u> and consider the case of the parole violator…. <u>If a hearing is not held within the specified 20 business days, the parolee shall be released back to parole supervision</u>.

Ala. Code § 15-22-32(a) (emphasis added).

By the language of the statute, the 20-day period in § 15-22-32(a) runs from the time the parole board receives the required notice from the Department of Corrections ("ADOC") of the "paroled prisoner charged with a violation of his or her parole." *Jones v. Willingham*, 2023 WL 2232807, at *6 (N.D. Ala. Jan. 24, 2023); *see Smith v. Bolling*, 2020

---

[8] As with his others claims, Stovall presents this claim in a vague and discursive fashion in his pleadings.

13

WL 4341721, at *4 (N.D. Ala. May 26, 2020). Here, there is no assertion of when the Board received the required notice from ADOC regarding Stovall's detention (nor any assertion regarding if or when ADOC received notice from a sheriff regarding Stovall's detention). The record reflects that Stovall's parole court hearing was conducted on October 30, 2018—37 days after September 23, 2018, the date on which authorities returned him to Alabama and he entered ADOC custody at Kilby.

Addressing Stovall's claim in its memorandum opinion, the Alabama Court of Criminal Appeals held:

> Stovall is correct insofar as he contends that § 15-22-32(a) requires a parolee return to supervision if a hearing is not conducted within 20 business days. The statute, however, does not prevent the Board from conducting a revocation hearing outside the 20-day period and does not render any action taken by the Board outside the 20-day period void. Instead, the statute provides that an inmate shall be released back to supervision after 20 business days. The statute does not provide relief once the parole-revocation hearing has occurred and the Board has revoked parole. This Court's review of the Board's decision is limited to whether the Board acted within its constitutional and statutory powers. *See [Alabama Bd. of Pardons and Paroles v.] Williams*, [935 So. 2d 478 (Ala: Crim. App. 2005)] *supra*. In this case, the Board exercised its statutory authority when it held a parole-revocation hearing and revoked Stovall's parole. Accordingly, we affirm as to this issue.

Doc. 14-12 at 4.[9]

Alabama state courts have interpreted § 15-22-32(a), like the court in Stovall's case, by ruling that the 20-day limitation in the statute does not affect the legitimacy of

---

[9] In a footnote, the Court of Criminal Appeals stated that, to the extent Stovall could have claimed he was wrongfully incarcerated after the 20-day period expired, Stovall's proper remedy would have been to file a state petition for writ of habeas corpus challenging his incarceration. Doc. 14-12 at 4–5 n.2.

revocation proceedings held outside of that 20-day timeframe. In *Alabama Bd. of Pardons & Paroles v. Dyer*, 343 So. 3d 42, 44 (Ala. Crim. App. 2020), the Court of Criminal Appeals rejected the argument, like Stovall's, that failure to hold the parole court hearing within 20 days invalidates a Board's decision revoking parole. The court in *Dyer* stated:

> Indeed, § 15-22-32(a) does state that a parolee shall be returned to supervision if a hearing is not conducted within 20 business days of the Board's receiving notice from the Department of Corrections of a paroled prisoner's return. The statute does not, however, prevent the Board from conducting a revocation hearing outside the 20-day period nor does it render void any action taken by the Board outside the 20-day period. Further, the statute does not provide relief once the parole-revocation hearing has occurred and the Board has revoked parole.

343 So. 3d at 44 (footnotes omitted).

This court, too, has rejected arguments like Stovall's about the consequences of failing to hold the parole court hearing within § 15-22-32(a)'s 20-day timeframe. In *Robinson v. Lightner*, 2020 WL 3833082 (M.D. Ala. July 8, 2020), adopting recommendation of magistrate judge, 2020 WL 3865368 (M.D. Ala. June 12, 2020), this court held that § 15-22-32(a) does not mandate that parole violations should be dropped and can no longer be considered by the Board if a hearing is not held within 20 business days. In the recommendation adopted by the district court in *Robinson*, the magistrate judge reasoned:

> Robinson interprets § 15-22-32(a) to mean that once 20 business days passed after his arrest as a parole violator, the Board could no longer hold a revocation hearing on the charged parole violations. He argues, in effect, that his revocation hearing was a nullity and that he must be released from prison and reinstated to parole. A reading of § 15-22-32(a), however, does not support Robinson's interpretation. The statute contains no language mandating that after 20 business days have passed with no hearing, the charged parole violations shall be dropped and may no longer be considered

15

> by the Board. The statute merely states that after 20 business days, the inmate shall be released back to parole supervision. There is no language in the statute forbidding the Board from holding a revocation hearing later on the same charges and then revoking parole.

2020 WL 3865368, at *2. *See also Smith v. Bolling*, 2020 WL 4335976, at *2 (N.D. Ala. July 28, 2020) ("[Mr. Smith, the petitioner] provides no authority for his claim that exceeding the twenty business day limitation prohibits any subsequent parole revocation. Rather, as Respondent notes, had Mr. Smith objected to his detention solely on the parole revocation arrest, and had no other charges been causing his detention, at best Mr. Smith would have been released from custody back on parole. That scenario has no bearing on whether the parole board could still revoke Mr. Smith's parole based on a violation of parole conditions.").

Stovall fails to demonstrate that the Alabama Court of Criminal Appeals' interpretation of § 15-22-32(a) was contrary to, or an unreasonable application of, clearly established Supreme Court holdings. Moreover, and importantly, the Eleventh Circuit has recognized that interpretation of § 15-22-32(a) is a matter of state law so that arguments relating to a state court's interpretation of § 15-22-32(a) are not cognizable on federal habeas review. *See Smith v. Dunn*, 2020 WL 8620163, at *1 (11th Cir. Dec. 29, 2020) ("[T]he interpretation of that statute [is] a question of state law[.]"). Therefore, Stovall's challenge to the state court's interpretation and application of § 15-22-32(a) provides no ground for federal habeas relief. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S 62, 67–68 (1991). Questions of state law and procedure "rarely raise issues of federal

constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'" *Tejada v. Dugger*, 941 F.2d 1551 (11th Cir. 1991).

Stovall is not entitled to federal habeas relief on this claim.

### 3.     *Equal Protection Violation*

Stovall claims in a conclusory manner that his rights under the Equal Protection Clause of the U.S. Constitution were violated when his parole court hearing was not held within 20 days. Doc. 11 at 2, 6.

Addressing this claim, the Alabama Court of Criminal Appeals stated:

> "'The basic tenet of the equal protection clause is not that all persons must be treated equally, but rather that all persons similarly situated must be treated equally.' *Smith v. State*, 518 So. 2d 174, 176 (Ala. Crim. App. 1987). "'[S]eparate treatment of defendants does not violate any constitutional guarantee of equal protection so long as that treatment is reasonable and founded on a rational basis.'" *Carroll v. State*, 599 So. 2d 1243, 1244 (Ala. Crim. App. 1992), quoting *Wheatt v. State*, 410 So. 2d 479, 484 (Ala. Crim. App. 1982). "'[A] defendant who alleges an equal protection violation has the burden of proving "the existence of purposeful discrimination."'" *Facion v. State*, 627 So. 2d 1144, 1145 (Ala. Crim. App. 1993), quoting *McCleskey v. Kemp*, 481 U.S. 279, 292, 107 S.Ct. 1756, 95 L.Ed. 2d 262 (1987)."

*Robinson v. State*, 865 So. 2d 457, 472 (Ala. Crim. App. 2003).

> "To assert a viable equal-protection claim, a plaintiff must first make a threshold showing that he or she was treated differently than others similarly situated." *Ex parte Upshaw*, 141 So. 3d 70, 75 (Ala. 2013).
>
> Stovall has failed to allege or prove the existence of purposeful discrimination or that he has been treated differently than other similarly situated inmates. The record indicates that Stovall made conclusory allegations that the Board violated his equal protection rights when his

17

> parole-revocation hearing was not held within the requisite 20 days. The record indicates that Stovall named no other inmates who, like him, had their parole revoked in violation of the 20-day provision in § 15-22-32(a). The allegations made in Stovall's petition and reiterated on appeal are insufficient to state a claim for which relief can be granted. *See Robinson, supra*.

Doc. 14-12 at 6.

Stovall presents no evidence supporting his equal protection claim. He thus fails to show that the Alabama Court of Criminal Appeals' decision rejecting his claim was "contrary to or involved an unreasonable application of clearly established Federal law, as determined by the United States Supreme Court, or . . . [was] based on an unreasonable determination of the facts in light of the evidence presented in state court." 28 U.S.C. § 2254(d) (1), (2); *Dunn*, 583 U.S. at 12. Stovall is entitled to no relief on his unsupported claim.

### III. CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that the § 2254 petition be DENIED without an evidentiary hearing and that this case be DISMISSED with prejudice.

Additionally, it is ORDERED that the parties shall file any objections to this Recommendation by **October 27, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which each objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations under 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation, and waives the right of the party to

challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see also Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of October 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE